UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIZZY DEAN WELLS, JR.,

                Plaintiff,

v.                                                       Case No. 23-cv-1068-pp

OSHKOSH CORRECTIONAL INSTITUTION,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Dizzy Dean Wells, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983. The plaintiff was incarcerated at Green Bay Correctional Institution when he filed his complaint. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

      On August 24, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.20. Dkt. No. 6. The court received that fee on September

1

21, 2023. The court's order assessing the initial partial filing fee noted that the plaintiff is a restricted filer because has incurred three "strikes' in previous cases that were dismissed for failure to state a claim.[1] Ordinarily an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The court's prior order said that in the complaint filed in this case, the plaintiff has alleged possible imminent danger and that the court would allow him to pay an initial partial filing fee and screen the complaint once that fee is received. Dkt. No. 6 at 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing. The plaintiff must pay the remainder of the filing fee as he is able.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] (1) Wells v. Miller, Case No. 16-cv-1680-PP, dismissed on May 8, 2018 for failure to state a claim; (2) Wells v. Schwarz, Case No. 98-cv-938-RTR, dismissed on October 30, 1998 for failure to state a claim; (3) Wells v. Schwarz, Case No. 98-cv-653-RTR, dismissed on August 28, 1998 for failure to state a claim.

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

3

The plaintiff has sued Oshkosh Correctional Institution. Dkt. No. 1 at 1. He alleges that on July 5, 2023, he "was called to MOS [sic] for PREA[2] allegations." Id. at 2. The plaintiff appears to assert that he was placed in temporary lock-up, then "walk[ed] out to the van and handcuffed at the time of [] getting in the van [he] reached to get in the van with cuffs on to lift up to the seat of the van and [he] he[a]rd a pop in my lower back down my leg and neck[.]" Id. According to the plaintiff, he felt a sharp pain down the right side of his body, and he could not move the right side of his body and that it was numb. Id. He says that a nurse was called and she "checked [his] toe on [his] right leg that's it!" Id. The nurse allegedly cleared security to move the plaintiff "lifting [his] arms and [his] legs up in the air by using force to lift [him.]" Id. The plaintiff states that he was yelling in pain as they moved him from the van to the wheelchair and then rolled him "into the hole Room 99 with the camera on [him] from outside the van into the building[.]" Id.

The plaintiff alleges that once he was in the room "now in a great deal of pain yelling and screaming stop and officers and Lt. Blaatz continued to use more force on [him] hurting [him] worser [sic]." Id. Nurse Tyson allegedly "gave them consent knowing [the plaintiff] would have spas[]ms and c[h]ronic leg and back issues[.]" Id. The plaintiff states that they lifted him from the wheelchair with his hands behind his back in handcuffs while he yelled "ow stop it hurts," and they lifted him again by his arms and legs "using more force on [him] lifting [him] to the bed." Id. He alleges that then they held him down, which caused more pain, cut his clothes off with scissors while he yelled in pain, and he felt a hand touch his "butt area." Id. The plaintiff states that he has not seen a doctor "or have any body even looked at my back or any exrays [sic] or

---

[2] Prison Rape Elimination Act.

anything been done to treat [the plaintiff] for [his] medical issues and [he's] still in seg in pain can't sit, stand, or walk without pain in [his] neck and back and legs . . . and they refuse to give [him] ice or an ice bag can't sleep without pain toss and turn all night long in pain and they still yet have not [seen] or he[a]rd from [his] doctor in 8 mo[n]ths." Id. at 2-3.

The plaintiff also alleges that he has a CPAP machine that is expired, and that he cannot get it back until he sees the doctor. Id. at 3. He states that he has a bed wedge and extra pillows for his medical issues, but "they say the hole do not allow these things[.]" Id. The plaintiff says that he takes insulin four times a day and he takes over twenty pills daily and "they won't even give me a snack bag[.]" Id. The plaintiff alleges that he filled out "HSU slips" for two days regarding his pain and issues and they still have not seen him. Id. He says that he has contacted HSU managers and the warden to investigate the behavior of staff and he wrote to the Bureau of Correctional Health Services concerning medical care. Id.

For relief, the plaintiff seeks $200,000 in punitive damages for pain and suffering, along with costs. Id.

C. Analysis

The only defendant the plaintiff has named is Oshkosh Correctional Institution. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Oshkosh Correctional Institution is one of several institutions within the Department of Corrections. Because it is not a

"person" subject to suit under §1983, the plaintiff may not proceed against Oshkosh Correctional Institution and his complaint fails to state a claim.

It appears that the plaintiff wants to proceed on allegations that prison staff members have denied him adequate medical care in violation of the Eighth Amendment. The court will give the plaintiff the opportunity to file an amended complaint. If the plaintiff chooses to file an amended complaint, he should name as defendants the individuals whom he alleges did not provide him with medical care. If the plaintiff does not know the names of the individuals who he believes violated his rights, he may use "John Doe" and "Jane Doe" placeholders, along with descriptive information such as "Black, female, second-shift corrections officer," or "male lieutenant in restricted housing unit." If the court allows the plaintiff to proceed on any claims in the amended complaint, it will give him instructions on how to use discovery to identify the real names of the "Doe" defendants.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by **December 29, 2023**. If the court receives an amended complaint by the end of the day on December 29, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on December 29, 2023, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must submit the original document for each letter or other legal paper he files in this case to the court at the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 22nd day of November, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:23-cv-01068-PP   Filed 11/22/23   Page 8 of 8   Document 10