UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIZZY DEAN WELLS, JR.,

                 Plaintiff,

v.                                           Case No. 23-cv-1068-pp

OSHKOSH CORRECTIONAL INSTITUTION,

                 Defendant.

---

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

---

      Plaintiff Dizzy Dean Wells, Jr., who is representing himself, filed this case alleging that the defendant had violated his rights under federal law. Dkt. No. 1. When he filed the complaint in August 2023, the plaintiff was incarcerated at Oshkosh Correctional Institution. Id. at 3. The court received the plaintiff's initial partial filing fee on September 21, 2023. On November 22, 2023, the court issued an order screening the complaint under 28 U.S.C. §1915A and concluded that it failed to state a claim. Dkt. No. 10 at 7. The court gave the plaintiff a chance to file an amended complaint but ordered that he must do so in time for the court to receive it by December 29, 2023; the court warned the plaintiff that if the court didn't receive the amended complaint by the deadline the court would dismiss the case based on the failure of the original complaint to state a claim. Id. The court sent that order and a blank amended complaint form to the plaintiff at 4205 N. 104th Street, Milwaukee, WI 53222. Dkt. No. 10.

      In the five months since the plaintiff filed his complaint, the court has not received a change-of-address form for the plaintiff. The Wisconsin Department of Corrections locator web site, however, reflects that on

September 20, 2023, the defendant was transferred from Oshkosh Correctional Institution to Green Bay Correctional Institution, and that on November 14, 2023—a week before the court issued its screening order—he was released to extended supervision. https://appsdoc.wi.gov/lop/details/detail (for Dizzy D. Wells, Jr., #00272396). Although the plaintiff did not notify the court of these changes, the court reviewed the DOC locator site before sending the November 22, 2023 order. Realizing that the plaintiff had been released to supervision, the court's staff contacted the plaintiff's probation officer, who provided staff with the plaintiff's address. The court mailed the November 22, 2023 order to that address—the address on North 104th Street. That order has not been returned to the court as undeliverable. The court has no reason to believe that the plaintiff did not receive the order, but he has not filed an amended complaint by the deadline the court set. As it said it would do in its previous order, the court will dismiss the plaintiff's complaint for failure to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The clerk's office will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

2

Case 2:23-cv-01068-PP   Filed 01/10/24   Page 2 of 3   Document 11

to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**