UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIZZY DEAN WELLS, JR.,

                Plaintiff,

v.                                                      Case No. 23-cv-1068-pp

OSHKOSH CORRECTIONAL INSTITUTION,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE (DKT. NO. 13)**

On July 11, 2025, the court received from the plaintiff a motion to reopen his case. Dkt. No. 13. He states that he did not receive the mail sent from the court because he was released from prison and moved from house to house. Id. The plaintiff says that he is back in custody, and he asks the court to send him information on reopening his case. Id.

In August 2023, when the plaintiff filed a complaint alleging violations of his constitutional rights, he was incarcerated at Oshkosh Correctional Institution. Dkt. No. 1 at 3. The court received the plaintiff's initial partial filing fee on September 21, 2023. On November 22, 2023, the court issued an order screening the complaint under 28 U.S.C. §1915A and concluded that it failed to state a claim. Dkt. No. 10 at 7. The court gave the plaintiff a chance to file an amended complaint but ordered that he must do so in time for the court to receive it by December 29, 2023; the court warned the plaintiff that if the court didn't receive the amended complaint by the deadline the court would dismiss the case based on the failure of the original complaint to state a claim. Id. The

1

court sent that order, and a blank amended complaint form, to the plaintiff at 4205 N. 104th Street, Milwaukee, WI 53222. Dkt. No. 10.

On January 10, 2024, the court dismissed the case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. Dkt. No. 11 at 2. In the order, the court explained its attempts to locate the plaintiff's current address:

> In the five months since the plaintiff filed his complaint, the court has not received a change-of-address form for the plaintiff. The Wisconsin Department of Corrections locator web site, however, reflects that on September 20, 2023, the defendant was transferred from Oshkosh Correctional Institution to Green Bay Correctional Institution, and that on November 14, 2023—a week before the court issued its screening order—he was released to extended supervision. https://appsdoc.wi.gov/lop/details/detail (for Dizzy D. Wells, Jr., #00272396). Although the plaintiff did not notify the court of these changes, the court reviewed the DOC locator site before sending the November 22, 2023 order. Realizing that the plaintiff had been released to supervision, the court's staff contacted the plaintiff's probation officer, who provided staff with the plaintiff's address. The court mailed the November 22, 2023 order to that address—the address on North 104th Street. That order has not been returned to the court as undeliverable. The court has no reason to believe that the plaintiff did not receive the order, but he has not filed an amended complaint by the deadline the court set. As it said it would do in its previous order, the court will dismiss the plaintiff's complaint for failure to state a claim.

Id. at 1-2.

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a judgment for any of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The plaintiff did not keep the court updated with his current address, and did not comply with the court's order, so the court dismissed the case. A letter and court order directed the plaintiff that he must notify the court if his address changed, and that failure to do so could result in dismissal of the case. Dkt. Nos. 2, 10. The plaintiff has not explained why he did not notify the court when he was released or why he did not provide the court with an address where it could send orders and other documents.

The court **DENIES** the plaintiff's motion to reopen case. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**